SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MOE KESHAVARZI, Cal Bar No. 223759
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone:   213.620.1780
Facsimile:   213.620.1398
E mail   mkeshavarzi@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SHANNON Z. PETERSEN, Cal Bar No. 211426
LISA YUN PRUITT, Cal Bar No. 280812
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:   858.720.8900
Facsimile:   858.509.3691
E mail   spetersen@sheppardmullin.com
   lpruitt@sheppardmullin.com

Attorneys for Defendant
KAISER FOUNDATION HEALTH PLAN INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all those similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>KAISER FOUNDATION HEALTH PLAN INC.,<br><br>    Defendant. | Case No. 3:25-cv-00802-RS<br><br>**DEFENDANT KAISER FOUNDATION HEALTH PLAN, INC.'S ANSWER TO COMPLAINT**<br><br>Courtroom 3, 17th Floor<br><br>The Hon. Richard Seeborg |

    Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser") submits the following answer and affirmative defenses to the complaint of Plaintiff Chet Michael Wilson ("Wilson").

## CLASS ACTION COMPLAINT

1. Kaiser admits that Plaintiff has filed this putative class action against Kaiser, asserting a cause of action under the Telephone Consumer Protection Act ("TCPA"), but denies that Kaiser has violated the TCPA and denies that a class exists here.

2. Kaiser denies the allegations of paragraph 2.

3. Kaiser denies the allegations of paragraph 3.

## JURISDICTION AND VENUE

4. In response to paragraph 4, Kaiser does not respond to the legal conclusions about subject matter jurisdiction as no response is required.

5. In response to paragraph 5, Kaiser does not respond to the legal conclusions about subject matter jurisdiction as no response is required. Kaiser denies any allegation that it violated any law in this district.

6. Kaiser lacks information or knowledge regarding the allegations of paragraph 6 and on that basis denies them.

## PARTIES

7. Kaiser lacks information or knowledge regarding the allegations of paragraph 7 and on that basis denies them.

8. Kaiser lacks information or knowledge regarding the allegations of paragraph 8 and on that basis denies them.

9. Kaiser admits the allegations of paragraph 9.

10. In response to paragraph 10, Kaiser does not respond to the legal conclusions about whether it was a "person" as no response is required.

11. Kaiser admits that it sometimes places recorded messages to its patients.

## FACTUAL ALLEGATIONS

12. Kaiser lacks information or knowledge regarding the allegations of paragraph 12 and on that basis denies them.

13. Kaiser admits the allegations of paragraph 13.

14. Kaiser admits the allegations of paragraph 14.

15. Kaiser lacks information or knowledge regarding the allegations of paragraph 15 and on that basis denies them.

16. Kaiser lacks information or knowledge regarding the allegations of paragraph 16 and on that basis denies them.

17. Kaiser lacks information or knowledge regarding the allegations of paragraph 17 and on that basis denies them.

18. Kaiser lacks information or knowledge regarding the allegations of paragraph 18 and on that basis denies them.

19. Kaiser lacks information or knowledge regarding the allegations of paragraph 19 and on that basis denies them.

20. Kaiser lacks information or knowledge regarding the allegations of paragraph 20 and on that basis denies them.

21. Kaiser lacks information or knowledge regarding the allegations of paragraph 21 and on that basis denies them.

22. Kaiser lacks information or knowledge regarding the allegations of paragraph 22 and on that basis denies them.

23. Kaiser lacks information or knowledge regarding the allegations of paragraph 23 and on that basis denies them.

24. Kaiser admits the allegations of paragraph 24.

25. Kaiser lacks information or knowledge regarding the allegations of paragraph 25 and on that basis denies them.

26. Kaiser lacks information or knowledge regarding the allegations of paragraph 26 and on that basis denies them.

27. Kaiser lacks information or knowledge regarding the allegations of paragraph 27 and on that basis denies them.

28. Kaiser lacks information or knowledge regarding the allegations of paragraph 28 and on that basis denies them.

29. Kaiser lacks information or knowledge regarding the allegations of paragraph 29 and on that basis denies them.

30. Kaiser lacks information or knowledge regarding the allegations of paragraph 30 and on that basis denies them.

31. Kaiser denies the allegations of paragraph 31.

32. Kaiser denies the allegations of paragraph 32.

## CLASS ACTION ALLEGATIONS

33. In response to paragraph 33, Kaiser admits Plaintiff proposes to represent a purported class, but denies that a class should be certified here.

34. In response to paragraph 34, Kaiser admits that Plaintiff purports to exclude Kaiser's officers, directors, and their families and legal representatives, and any entity in which Kaiser has a controlling interest, from his class definition, but denies that a class can be certified here.

35. Kaiser denies the allegations of paragraph 35.

36. Kaiser denies that there is a class here or that a class can be determined through discovery.

37. Kaiser denies the allegations of paragraph 37.

38. Kaiser denies the allegations of paragraph 38.

39. Kaiser denies the allegations of paragraph 39.

40. Kaiser denies the allegations of paragraph 40.

41. Kaiser denies the allegations of paragraph 41.

42. Kaiser denies the allegations of paragraph 42.

43. Kaiser denies the allegations of paragraph 43.

44. Kaiser denies the allegations of paragraph 44.

45. Kaiser denies the allegations of paragraph 45.

46. Kaiser denies the allegations of paragraph 46.

47. Kaiser denies the allegations of paragraph 47.

1  48.  Kaiser lacks information or knowledge regarding the allegations of paragraph 48 and on that basis denies them.

2  49.  Kaiser lacks information or knowledge regarding the allegations of paragraph 49 and on that basis denies them.

3  50.  Kaiser lacks information or knowledge regarding the allegations of paragraph 50 and on that basis denies them.

4  51.  Kaiser denies the allegations of paragraph 51.

5  52.  Kaiser denies the allegations of paragraph 52.

6  53.  Kaiser denies the allegations of paragraph 53.

7  54.  Kaiser denies the allegations of paragraph 54.

8  55.  Kaiser denies the allegations of paragraph 55.

9  56.  Kaiser denies the allegations of paragraph 56.

10  57.  Kaiser denies the allegations of paragraph 57.

11  58.  Kaiser denies the allegations of paragraph 58.

12  59.  Kaiser denies the allegations of paragraph 59.

13  60.  Kaiser denies the allegations of paragraph 60.

14  61.  Kaiser denies the allegations of paragraph 61.

## COUNT I

## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

62.  Though no response is required to paragraph 62, Kaiser incorporates its previous responses.

63.  Kaiser denies the allegations of paragraph 63.

64.  Kaiser denies the allegations of paragraph 64.

## PRAYER FOR RELIEF

Kaiser denies that Plaintiff is entitled to any relief in connection with the allegations set forth in the complaint, including without limitation, the relief sought in the WHEREFORE clause.

## JURY DEMAND

Kaiser acknowledges that Plaintiff demands a trial by jury but does not respond to Plaintiff's request for a jury trial.

## AFFIRMATIVE DEFENSES

Without conceding that it has the burden of proof as to any of these matters, Kaiser asserts its affirmative defenses to the complaint as follows, based on information, belief, and preliminary investigation, and to reserve rights and prevent any claim of waiver:

### FIRST AFFIRMATIVE DEFENSE

**Standing/Jurisdiction**

1. Plaintiff lacks standing to bring his claim, in part because he did not suffer any actual injury. Thus, this Court lacks Article III jurisdiction.

### SECOND AFFIRMATIVE DEFENSE

**Personal Jurisdiction**

2. The Court lacks sufficient personal jurisdiction over the claims of unnamed putative class members.

### THIRD AFFIRMATIVE DEFENSE

**FCC Primary Jurisdiction**

3. The FCC has primary jurisdiction regarding some or all of the issues in dispute in this matter.

### FOURTH AFFIRMATIVE DEFENSE

**Prior Express Consent**

4. Plaintiff—or his agent, sibling, predecessor-in-interest, spouse, relative, friend, or other appropriate person—gave sufficient prior express consent for any calls or texts.

### FIFTH AFFIRMATIVE DEFENSE

**No Use of Prerecorded or Artificial Voice**

5. No calls were made using an artificial or prerecorded voice.

### SIXTH AFFIRMATIVE DEFENSE

### Reasonable Practices and Procedures

6. Kaiser has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA and its regulations.

### SEVENTH AFFIRMATIVE DEFENSE

### Compliance with Law

7. Kaiser's conduct was prescribed by law and Kaiser complied with that law. Kaiser is therefore shielded from liability.

### EIGHTH AFFIRMATIVE DEFENSE

### No Class Action

8. Class treatment is inappropriate due to lack of numerosity, commonality, typicality, predominance, and adequacy, and because a class action is not otherwise a superior method of adjudicating this dispute.

### NINTH AFFIRMATIVE DEFENSE

### Waiver

9. The doctrine of waiver bars Plaintiff from recovering.

### TENTH AFFIRMATIVE DEFENSE

### Estoppel

10. The doctrine of estoppel bars Plaintiff from recovering.

### ELEVENTH AFFIRMATIVE DEFENSE

### Fault of Plaintiff

11. Plaintiff, by his own conduct, caused or contributed to his damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

### Lack of Intent/Good Faith

12. Kaiser acted in good faith and without intent to harm Plaintiff or to engage in any known wrongful act or violation of law. If any violation occurred, it was in error, notwithstanding the maintenance of procedures reasonably adopted to avoid wrongful acts or violations of law.

### THIRTEENTH AFFIRMATIVE DEFENSE

**Failure to Mitigate**

13. Plaintiff has failed to mitigate his damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

**No Knowing or Willful Misconduct**

14. Any conduct or violation by Kaiser was not knowing or willful.

### FIFTEENTH AFFIRMATIVE DEFENSE

**No Proximate Cause**

15. Kaiser did not proximately cause any damages, injury, or violation alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

**No Statutory Damages/Due Process**

16. Plaintiff's statutory damage claim fails to meet the requirements of the law, violates Kaiser's due process rights protected by the U.S. and California Constitutions, and violates the constitutional prohibition against excessive fines.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**Release**

17. Kaiser has been released of some or all obligations to Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**Privilege**

18. Kaiser's actions were privileged, and thus shielded from liability.

### NINETEENTH AFFIRMATIVE DEFENSE

**Justification**

19. Kaiser's actions were justified, and thus shielded from liability.

### TWENTIETH AFFIRMATIVE DEFENSE

**Misjoinder of Parties**

20. Plaintiff has failed to join indispensable parties.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### *De Minimus* Harm

21. The contribution of Kaiser to Plaintiff's alleged harm, if any, was *de minimus*.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### Failure to State a Claim

22. Plaintiff's complaint fails to state a claim for relief.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### Lack of Capacity

23. Plaintiff lacks the legal capacity to bring this Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### Constitutional Defense

24. Plaintiff's claims are barred by the U.S. Constitution, including, but not limited to, the Due Process Clause and the First Amendment.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Res Judicata

25. There has been an adjudication between substantially the same parties of the same cause of action brought in the present action.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### Collateral Estoppel

26. There has been an adjudication between substantially the same parties regarding the same or similar issues and facts raised in the present action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### Unclean Hands

27. The doctrine of unclean hands bars Plaintiff from recovering.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### Preemption

28. Plaintiff's claims are preempted.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**Abstention**

29. The Court should abstain from adjudicating Plaintiff's claims.

**THIRTIETH AFFIRMATIVE DEFENSE**

**Illegal**

30. Plaintiff's claims are barred in whole or part, by law.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**Statute of Limitations**

31. Plaintiff has failed to bring his claims within the statutory time limit required by the applicable statute of limitation.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**Laches**

32. Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Kaiser and, thus, Plaintiff's claims are barred by the equitable doctrine of laches.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**Fault of Third Parties**

33. Third parties to this action caused or contributed to Plaintiff's damages.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**No Vicarious Liability**

34. Kaiser did not control, supervise, direct, or advise anyone to send the alleged texts and therefore Kaiser cannot be liable.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**No Agency**

35. Anyone who may have sent the alleged texts was not an employee or agent of Kaiser, and thus Kaiser cannot be liable.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### No Ratification

36. Kaiser did not ratify or approve of any intentional, willful, malicious, fraudulent, or oppressive acts of any of its employees, agents, or independent contractors.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### Arbitration

37. Plaintiff's claims are subject to arbitration or other contractual alternative dispute resolution.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### Venue

38. Plaintiff's claims are barred due to improper or inconvenient venue

### RESERVATION OF RIGHT TO AMEND

Kaiser reserves the right to amend its answer to incorporate additional affirmative defenses at a later time.

### PRAYER FOR RELIEF

Kaiser prays for relief as follows:

a. That Plaintiff take nothing by reason of his complaint;

b. That judgment be entered in Kaiser's favor;

c. That Kaiser be awarded its reasonable costs and, if applicable, fees; and

d. That Kaiser be awarded such other and further relief as this Court deems just and proper.

Dated: March 25, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    */s/Lisa Yun Pruitt*
SHANNON Z. PETERSEN
LISA YUN PRUITT

Attorneys for Defendant
KAISER FOUNDATION HEALTH PLAN INC.